**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 9 |
| **SUFFOLK REGIONAL OFF-TRACK BETTING CORPORATION,** | Case No. 12-43503-CEC |
| Debtor. |  |

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF SUFFOLK REGIONAL OFF-TRACK BETTING CORPORATION

The Second Amended Plan for the Adjustment of Debts of Suffolk Regional Off-Track Betting Corporation dated September 11, 2014 [Docket No. 318-1] (with such amendments stated on the record at the hearing held on October 22, 2014 and as the same may be amended, supplemented, or otherwise modified, the "Plan")[1] having been filed by Debtor Suffolk Regional Off-Track Betting Corporation (the "Debtor" or "Suffolk OTB") and having been transmitted to creditors and other parties in interest; and the Court having conducted a hearing on confirmation of the Plan on October 22, 2014 (the "Confirmation Hearing"); and the Court having reviewed and considered Debtor's Memorandum of Law in Support of Confirmation of the Plan [Docket No. 313], the Declaration of Emily Young of GCG, Inc. Certifying the Methodology for the Solicitation and Tabulation of Votes on a Results of Voting With Respect to the Second Amended Plan for the Adjustment of Debts of Suffolk Regional Off-Track Betting Corporation, filed on October 17, 2014 [Docket No. 310]  (the "Ballot Report"), and the declarations of Thomas Kilmartin [Docket No. 311] (the "Kilmartin Declaration"), Ronald

---

[1] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Plan.  In accordance with Local Bankruptcy Rule 3020-2, a copy of the Plan confirmed by this Order is annexed hereto as "**Exhibit 1**".

Sultemeier [Docket No. 308] (the "<u>Sultemeier Declaration</u>"), and Charles Edelman [Docket No. 309] (the "<u>Edelman Declaration</u>", together with the Kilmartin Declaration and Sultemeier Declaration, the "<u>Confirmation Declarations</u>") in support of confirmation of the Plan; and the Court having considered the objection filed (as described below), the evidence and testimony presented at the Confirmation Hearing, exhibits, records, and any remaining objections and arguments of counsel presented at the Confirmation Hearing; THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:

A.    **Jurisdiction.**    The Court has jurisdiction over this Chapter 9 case and the subject matter of the Confirmation Hearing pursuant to 28 U.S.C. §§ 157 and 1334.  Plan confirmation is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2), and this Court has jurisdiction to enter this Confirmation Order with respect thereto.  Debtor is qualified to be a debtor under Section 109(c) of the Bankruptcy Code, as confirmed by the Court in the Order for Relief entered on July 19, 2012.

B.    **Venue.**    Venue of this Chapter 9 case is proper before this Court pursuant to 28 U.S.C. § 1408.

C.    **Judicial Notice**.    This Court takes judicial notice of the docket of this Chapter 9 case maintained by the Clerk of the Court, including, without limitation, all pleadings, all documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before this Court during the pendency of the Chapter 9 Case, and of the proofs of claim maintained by GCG, the duly-appointed claims agent in the Chapter 9 Case.

D.    **Voting Solicitation.**    Debtor solicited votes on the Plan by distributing copies of the Disclosure Statement, the Plan, a notice of the Confirmation Hearing, and a Ballot to be

executed by holders of Claims in Classes 1, 4, and 5 under the Plan in conformance with Rules 2002 and 3017 of the Federal Rules of Bankruptcy Procedure (the "Rules") and this Court's September 12, 2014 Order: (1) approving the Disclosure Statement; (2) establishing the Voting Record Date; (3) approving the Solicitation Packages and Procedures set forth in the Disclosure Statement; (4) approving the Balloting and Tabulation Procedures, and (5) establishing procedures for confirmation of the Plan [Docket No. 300] (the "Disclosure Statement Order").

E.    **Notice.**  Notice of the Confirmation Hearing, the deadline to vote on the Plan, and the deadline to object to the Plan were provided in conformance with the Disclosure Statement Order and Bankruptcy Rules 2002, 3018, 6004, 6006, 9007, and 9014 to creditors and other parties in interest, as evidenced by the various affidavits of service filed with this Court.  The Court finds that notice of the Plan, of the transactions contemplated thereby, and of the Confirmation Hearing have been reasonable, adequate, and sufficient in all respects.

F.    **Tabulation of Acceptances.**   In the Ballot Report, GCG certified that it received the requisite acceptances both in number and amount from all impaired classes of creditors for confirmation of the Plan as required under Bankruptcy Code Section 1126.  As evidenced by the Ballot Report and based upon the record before the Court, the solicitation and tabulation of acceptances and rejections of the Plan by Debtor, its counsel, and GCG was accomplished in a proper, fair, and lawful manner in accordance with the Disclosure Statement Order, all applicable sections of the Bankruptcy Code, and all applicable sections of the Rules. The Holders of the Class 2 Other Secured Claims and Class 3 Customer Claims are unimpaired and are, therefore, deemed to accept the Plan.  Ballots were transmitted to holders of Claims in Classes 1, 4, and 5 (the "Voting Classes") in accordance with the Disclosure Statement Order.

Debtor solicited votes for the Plan from the Voting Classes in good faith and in a manner consistent with the Bankruptcy Code. As of the date of the Ballot Report, creditors entitled to vote to accept or to reject the Plan voted in the numbers and percentages stated in the Ballot Report. At least two-thirds in dollar amount and more than one-half in number of the Creditors in the Voting Classes who voted on the Plan voted to accept the Plan. The Ballot Report complies with Local Bankruptcy Rule 3018-1, as modified by the Disclosure Statement Order.

G.    **NYSLRS Objection.**    The New York State and Local Retirement System ("NYSLRS") filed an objection to confirmation of the Plan on October 15, 2014 [Docket No. 307] (the "NYSLRS Objection). Debtor and the Committee filed responses to the NYSLRS Objection on October 21, 2014 [Docket Nos. 314 and 316]. For the reasons stated on the record at the Confirmation Hearing, the NYSLRS Objection is overruled.

H.    **Reasonable Classification of Claims (Section 1122 and Section 1123(a)(1), (2), and (3)).**    The Plan designates Claims, in compliance with Bankruptcy Code Section 1123(a)(1), (a)(2), and (a)(3), in the following five classes: Secured Claim of New York Commercial Bank (Class 1), Other Secured Claims (Class 2), Customer Claims (Class 3); General Unsecured Claims (Class 4); and Administrative Convenience Claims (Class 5). The Holders of the Class 2 and Class 3 Claims are unimpaired and are, therefore, deemed by law to have accepted the Plan. Holders of Claims in Classes 1, 4, and 5 are impaired. The Plan specifies the treatment of each impaired Class. The classification of Claims in Article III of the Plan is reasonable and necessary, has a rational, justifiable, and good faith basis, and places Claims in a particular Class where such Claims are substantially similar to the other Claims of such Class. Therefore, the Plan satisfies the requirements of Bankruptcy Code Section 1123(a)(1), (2), and (3).

I.      **No Discrimination (Section 1123(a)(4)).**  Article IV of the Plan provides for all holders of Claims within a particular Class to receive identical treatment under the Plan on account of such Claims unless such holder has expressly consented to less favorable treatment, and therefore the Plan satisfies the requirements of Bankruptcy Code Section 1123(a)(4).

J.      **Implementation of the Plan (Section 1123(a)(5)).**  Article VIII and other provisions of the Plan provide adequate means for implementation of the Plan.  Accordingly, the Plan provides adequate, proper, and legal means for its implementation, thereby satisfying the requirements of Bankruptcy Code Section 1123(a)(5).

K.      **Impairment or Unimpairment of Claims or Interests (Section 1123(b)(1)).**  Article IV of the Plan impairs or leaves unimpaired each class of Claims in accordance with Bankruptcy Code Section 1123(b)(1), and therefore the Plan complies with Bankruptcy Code Section 1123(b)(1).

L.      **Assumption or Rejection of Executory Contracts and Unexpired Leases (Section 1123(b)(2)).**  Pursuant to Article VII of the Plan and subject to the terms of Paragraphs 11 and 12 of this Confirmation Order, Debtor has exercised sound business judgment in determining that all executory contracts and unexpired leases that exist between Debtor and any other person or entity shall be deemed rejected by Debtor as of the Effective Date, except for any executory contract or unexpired lease: (a) that has been assumed or rejected pursuant to an order of the Court entered before the Confirmation Date; (b) as to which a motion for approval of the assumption of such executory contract or unexpired lease is pending on the Effective Date; or (c) that is specifically designated or generally described as a contract or lease to be assumed on the Schedule of Assumed Contracts appended to the Plan. Debtor has given adequate notice to all counterparties to executory contracts with the Debtor of

the Schedule of Assumed Contracts and the Debtor's proposed treatment of their contracts under the Plan. The cure amounts specified, if paid in accordance with the Plan, will satisfy in full the Debtor's obligations under Bankruptcy Code Section 365(b)(1)(A)-(B). The non-debtor party to each Executory Contract or Unexpired Lease to be assumed is adequately assured of future performance; provided, however, that with respect to any agreement by and between the Debtor and NYSLRS that may be determined to be an executory contract within the meaning of Bankruptcy Code Section 365 (a "NYSLRS Agreement"), the treatment thereof shall be as set forth in paragraph 12 of this Confirmation Order. Accordingly, the Plan complies with Bankruptcy Code Section 1123(b)(2).

M. **Compliance with Provisions of the Bankruptcy Code (Section 1129(a)(2)).** Debtor, as the proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code, including, without limitation, Bankruptcy Code Sections 1125 and 1129(a)(2).

N. **Plan Proposed in Good Faith (Section 1129(a)(3)).** The Plan has been proposed in good faith and not by any means forbidden by law, and any Objections to confirmation of the Plan to the contrary are specifically overruled and denied in light of the Court's consideration of the evidence and arguments presented at the Confirmation Hearing and otherwise in support of confirmation of the Plan. The Plan has been proposed by Debtor with the honest intent to reorganize its business and financial affairs in order to emerge from Chapter 9 as a going concern and repay all of its creditors in full. The Plan is the product of extensive arms-length negotiations between the Debtor, the Official Committee of Unsecured Creditors (the "Committee"), and other parties in interest in this Chapter 9 case. The Plan reflects these negotiations, and is reflective of the interests of Debtor's constituencies. In

determining that the Plan has been proposed in good faith, in addition to the foregoing, the Court examined the totality of the circumstances surrounding the filing of the Chapter 9 Case and the formulation of the Plan and has concluded that there is a reasonable likelihood that the Plan will achieve a result consistent with the objectives and purposes of the Bankruptcy Code. Debtor has satisfied the requirements of Bankruptcy Code Section 1129(a)(3).

O.    **No Rate Change (Section 1129(a)(6)).**  The Plan does not provide for any rate change over which a governmental regulatory commission will have jurisdiction.  Therefore, Bankruptcy Code Section 1129(a)(6) is not applicable to Debtor.

P.    **Plan Acceptance (Section 1129(a)(8)).**  As evidenced by the Ballot Report, each Class either voted to accept the Plan or is not impaired under the Plan and thus is conclusively deemed to have accepted the Plan pursuant to Bankruptcy Code Section 1126(f)(4).  The Plan therefore satisfies the requirements of  Bankruptcy Code Section 1129(a)(8).

Q.    **Acceptance by at Least One Impaired Class (Section 1129(a)(10)).**  The Plan has been accepted by all Classes of creditors entitled to vote, and therefore, has been accepted by at least one Class of Claims that is impaired under the Plan (which acceptance has been determined without including any acceptance of the Plan by any insider).  Therefore the Plan satisfies the requirements of Bankruptcy Code Section 1129(a)(10).

R.    **Compliance With Applicable Provisions of Chapter 11 (Section 943(b)(1))**. The Plan complies with those provisions of Chapter 11 that are incorporated into Chapter 9 by Section 901 of the Bankruptcy Code (the "Incorporated Provisions").  As stated above, all elements of Section 1129 of the Bankruptcy Code applicable to this Chapter 9 case have been satisfied.  In addition, Articles III and IV of the Plan provide for classification,

treatment, and voting rights of Claims, and provide for the same treatment for each Claim within a particular class.   The Plan includes multiple provisions providing for the implementation of the Plan including sources of consideration as well as for the execution of documents and effectuation of transactions necessary to implement the Plan.   The Plan complies with Section 1124 of the Bankruptcy Code by treating Classes 1, 4, and 5 as impaired classes and Classes 2 and 3 as unimpaired classes.   The Plan complies with Section 1125 as all impaired classes have accepted the Plan.

S.    **Compliance with Chapter 9 (Section 943(b)(2))**. Debtor complied with the provisions of Chapter 9 relating to filing a plan of adjustment by filing the Plan. All modifications to the Plan made by Debtor are consistent with Chapter 9.  The Plan therefore satisfies Section 943(b)(2) of the Bankruptcy Code.

T.    **Disclosure and Reasonableness of Professional Fees (Section 943(b)(3))**. Debtor has disclosed all amounts paid or to be paid by Debtor to its professionals in its Disclosure of Professional Compensation Pursuant to Section 943(b) of the Bankruptcy Code dated October 21, 2014 [Docket No. 312].   The Court finds that such fees are reasonable.  Debtor has satisfied Section 943(b)(3) of the Bankruptcy Code.

U.    **Plan Not Prohibited by Law (Section 943(b)(4)).**   No action necessary to carry out the Plan is prohibited by law.  In fact, Debtor is specifically authorized by law to take the actions contemplated by the Plan.  The Plan therefore satisfies Section 943(b)(4) of the Bankruptcy Code.  Notwithstanding the foregoing, nothing in this Confirmation Order or the Plan shall be interpreted as determining, or shall preclude the Court from hearing and determining, issues related to the Debtor's compliance with the New York Retirement and Social Security Law (N.Y. Retire. & Soc. Sec. Law §§ 2-1324), including but not limited to

Section 31(c) thereof, and allowance and payment of the disputed portion of NYSLRS's claim thereunder.

V.    **Payment of Administrative Expense Claims (Section 943(b)(5)).**  Article II of the Plan provides that all administrative expense claims will be paid in full in cash on the Effective Date unless the holder of the claim agrees to some other treatment.  The Plan therefore satisfies Section 943(b)(5) of the Bankruptcy Code.

W.    **No Regulatory or Electoral Approval is Required (Section 943(b)(6)).**  No regulatory or electoral approval is necessary to carry out any provision of the Plan.  Section 943(b)(6) of the Bankruptcy Code is therefore inapplicable to the Plan.

X.    **The Plan is in the Best Interests of Creditors and is Feasible (Section 943(b)(7)).**  The Plan satisfies the best interests of creditors test as applicable to a Chapter 9 case.  The Plan will result in the repayment in full of all creditors.  In addition, the Plan will result in the continued operation and planned expansion of Suffolk OTB and continued employment for the employees of Suffolk OTB.  If this Chapter 9 case were dismissed, Suffolk OTB would have to cease operations, the VLT Facility would never be built, Suffolk OTB's employees would be laid off, and Suffolk OTB's unsecured creditors would not be paid.  Confirmation of the Plan and full payment of all creditors is clearly preferable to dismissal of the Chapter 9 case.  The Plan is therefore in the best interests of creditors.

Y.    The Plan is also feasible.  Debtor has provided detailed financial projections, including both revenue and expense projections, setting forth: (1) the construction cost and timeline for developing the VLT Facility; (2) the projected revenues and expenses of the VLT Facility once operational.  Debtor has also provided a detailed, 24 month cash flow analysis demonstrating that Debtor has sufficient cash flow to meet its expenses during the

period in which the VLT Facility is being developed.  As set forth in the Confirmation Declarations and as further established at the Confirmation Hearing, Debtor's revenue and expense projections are accurate and the assumptions on which they rely are reasonable. Debtor has carried its burden of establishing by a preponderance of the evidence that the Plan is feasible.

Z.    **Release, Injunction, and Exculpation.**  In light of the Court's consideration of the evidence and arguments presented at the Confirmation Hearing and otherwise in support of confirmation of the Plan, specifically including that: (i) the release, injunction, and exculpation provisions of the Plan are necessary to the reorganization of the Debtor; (ii) the beneficiaries of the release, injunction, and exculpation provisions of the Plan provided a substantial contribution to the Plan in the form of services and actions essential to the success of the Plan; and (iii) the Plan was overwhelmingly accepted by Creditors, the release, injunction, and exculpation provisions set forth in the Plan: (a) are within the jurisdiction of this Court under 28 U.S.C. § 1334; (b) are each an essential means of implementing the Plan pursuant to Bankruptcy Code Section 1123(a)(5); (c) are integral elements of the settlements and compromises incorporated in the Plan; (d) confer material benefits on, and thus, are in the best interests of, the Debtor, its creditors, and other parties in interest; and (e) are, under the facts and circumstances of the Chapter 9 Case, consistent with and permitted pursuant to Sections 105, 524, 1123, 1129, and all other applicable provisions of the Bankruptcy Code.  Reasonable, adequate, and sufficient notice of and opportunity to be heard with respect to such releases, injunctions, and exculpation has been provided under the circumstances and such notice and opportunity has complied with all provisions of the Bankruptcy Code, Bankruptcy Rules, and

all other rules and law, including without limitation, Bankruptcy Rules 2002(c)(3), 3016(c), 3017(f) and 3020.

AA.    **Modifications to Plan Comply with Chapter 9.**  The modifications to the Plan made after entry of the Disclosure Statement Order (the "Modifications") do not materially or adversely affect or change the treatment of any Claim against the Debtor.  The Plan as modified [Docket No. 318] meets the requirements of Chapter 9.  The Plan, as modified, shall be the Plan confirmed hereby and is attached hereto.

BB.    **Good Faith Solicitation.**  Based on the record before the Court, Debtors, its counsel, and GCG have formulated and filed the Plan, obtained approval of the Disclosure Statement, and solicited votes on the Plan all in good faith and in compliance with the applicable provisions of the Bankruptcy Code and are entitled to the protections afforded by Bankruptcy Code Section 1125(e) and the exculpatory, injunctive, and release provisions set forth in the Plan.

CC.    **Good Faith.**  Debtor and its employees, officers, directors, agents, advisors, attorneys, and advisors have acted in good faith and in compliance with the applicable provisions of the Bankruptcy Code with respect to the administration of the Plan, the solicitation of acceptances with respect thereto, and the property to be distributed thereunder and are entitled to the protections afforded by Bankruptcy Code Section 1125(e) and the exculpatory, injunctive, and release provisions set forth in the Plan.

DD.    **Retention of Jurisdiction.**  The Court may properly, and hereby does, retain jurisdiction over the Debtor with respect to the matters set forth in Article XIII of the Plan and paragraph 14 of this Confirmation Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    **Confirmation.**  The Plan, in the form appended hereto as "**Exhibit 1**", shall be, and hereby is, confirmed, having met the requirements of Bankruptcy Code Section 943(b). Any and all objections to the Plan not previously withdrawn, including the NYSLRS Objection, are hereby overruled in their entirety.  The terms of the Plan are incorporated herein and are an integral part of this Confirmation Order.  Any reference to the Plan contained herein shall be deemed to include the Modifications.  The provisions of this Confirmation Order are integrated with each other and are mutually dependent and not severable.

2.    **Findings of Fact and Conclusions of Law.**  The findings of this Court set forth above and the conclusions of law stated herein shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014.  To the extent any provision designated herein as a finding of fact is more properly characterized as a conclusion of law, it shall be so deemed, and vice-versa.

3.    **Compliance with Bankruptcy Code Sections 1122 and 1123.**  The Plan complies with Bankruptcy Code Section 1122 and with the those requirements of Bankruptcy Code Section 1123 applicable to a Chapter 9 case pursuant to Section 901 of the Bankruptcy Code.

4.    **Modifications.**  Debtor has reserved the right, in accordance with Section 942 of the Bankruptcy Code, to alter, amend, or modify the Plan after Confirmation on such notice and hearing as the Court deems appropriate.

5.    **Plan Classification Controlling.**  The classification of Claims for purposes of distributions provided for under the Plan shall be governed solely by the terms of the Plan.  The classifications and amounts of claims, if any, set forth in the Ballots tendered or returned by Debtor's creditors in connection with voting on the Plan: (a) were set forth on the Ballots

solely for purposes of voting to accept or reject the Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes, and (c) shall not be binding on Debtor.

6.    **Confirmation Hearing Record.**    The record of the Confirmation Hearing shall be, and hereby is, closed as of the conclusion of the Confirmation Hearing on October 22, 2014.

7.    **Implementation of the Plan.**    The implementation and consummation of the Plan in accordance with its terms shall be, and hereby is, authorized and approved, and Debtor or any other person designated by the Debtor to act on its behalf pursuant to the Plan shall be, and hereby is, authorized, empowered, directed, and ordered to execute, deliver, file, and record contracts, loan documents, instruments, releases, indentures, and other agreements or documents, whether or not such document, agreement, indenture, release, instrument, or contract is specifically referred to in the Plan or the Disclosure Statement, and to take any action necessary or appropriate to implement, effectuate, and consummate the Plan in accordance with its terms.  Without in any way limiting the generality of the foregoing, the Debtor is specifically authorized to enter into one or more loans in order to complete the development of the VLT Facility.

8.    **Binding Effect.**    Pursuant to Bankruptcy Code Section 944, the Plan and this Confirmation Order shall be legally binding upon and inure to the benefit of the Debtor, the Committee, the holders of Claims, all other parties in interest in the Chapter 9 case, and their respective successors and assigns.   Any federal, state, commonwealth, local, or other governmental agency or department is hereby directed and ordered to accept any and all

documents and instruments necessary, useful, or appropriate to effectuate, implement, or consummate the transactions contemplated by the Plan or herein.

9.    **Binding Effect of Prior Bankruptcy Court Orders.**    Effective as of the Confirmation Date, but subject to the occurrence of the Effective Date and subject to the terms of the Plan and this Confirmation Order, all prior orders of this Court entered in the Chapter 9 case, and all documents and agreements executed by Debtor as authorized and directed thereunder, shall be, and hereby are, binding upon, and shall inure to the benefit of the Debtor, the Committee, the Holders of Claims, all other parties in interest in the Chapter 9 Case, and their respective successors and assigns.    Without in any way limiting the generality of the foregoing, confirmation of the Plan shall not affect, and is without prejudice to, the So Ordered Settlement Stipulation between Debtor and Camille V. Sarro located at Docket No. 93 and the So Ordered Settlement Stipulation between Debtor and Eva Caramanico located at Docket No. 94, which shall remain in full force and effect.

10.    **Vesting of Debtors' Assets.** On the Effective Date, all property of Debtor and all claims, Causes of Action, suits, judgments, damages, demands, rights of recovery, rights of offset and recoupment, and rights to refunds shall remain vested in Debtor.  From and after the Effective Date, Debtor may operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules and in all respects as if there were no pending Case, except as provided in the Plan.

11.    **Rejection of Contracts and Leases.**    Subject to paragraph 12 below, all executory contracts and unexpired leases that exist between Debtor and any other person or entity shall be deemed rejected by Debtor as of the Effective Date, except for any executory contract or unexpired lease: (a) that has been assumed or rejected pursuant to an order of the

Court entered before the Confirmation Date; (b) as to which a motion for approval of the assumption of such executory contract or unexpired lease is pending on the Effective Date; or (c) that is specifically designated or generally described as a contract or lease to be assumed on the Schedule of Assumed Contracts appended to the Plan.  Unless otherwise specified in the Schedule of Assumed Contracts, each executory contract and unexpired lease listed on the Schedule of Assumed Contracts shall include all modifications, amendments, supplements, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without regard to whether such agreement, instrument, or other document is itself listed on the Schedule of Assumed Contracts.  The listing of a document in the Schedule of Assumed Contracts, including an insurance policy or agreement or a provider agreement and any NYSLRS Agreement, shall not constitute an admission by Debtor that such document is an executory contract or unexpired lease or that Debtor has any liability thereunder.  Nothing in the Plan or this Order shall cause the rejection of any executory contract or unexpired lease entered into by Debtor after the Petition Date.

12.     **Approval of Assumption and Rejection.**  Except as provided below, the entry of this Confirmation Order shall, subject to and upon the occurrence of the Effective Date, constitute the approval, pursuant to Bankruptcy Code Sections 365(a) and 1123(b)(2), of the assumption by Debtor of those contracts listed on the Schedule of Assumed Contracts, as amended, attached as an exhibit to the Plan and filed with the Court following the Confirmation Hearing [Docket No. 323], and of the rejection of all other executory contracts pursuant to Article VII of the Plan.  To the extent any NYSLRS Agreement shall be finally determined, after notice and a hearing and briefing, to be an executory contract within the

meaning of Bankruptcy Code Section 365 which exists and shall not have been previously terminated, such executory contract shall be assumed.  All issues regarding the cure amount, payment of the cure amount, the provision of adequate assurance of future performance and any other issues under section 365 of the Bankruptcy Code or otherwise related to the proposed assumption of any such NYSLRS Agreement shall be preserved for further briefing and determination by this Court after notice and a hearing.

13.     **Releases.**  In light of the Court's consideration of the evidence and arguments presented at the Confirmation Hearing and otherwise in support of confirmation of the Plan, as well as the specific findings of the Court set forth herein (see Paragraph Z above), upon the occurrence of the Effective Date, the releases set forth in Article XI of the Plan are hereby deemed appropriate and approved.

14.     **Retention of Jurisdiction.**  Pursuant to Article XIII of the Plan, this Court shall retain jurisdiction after the confirmation of the Plan to the fullest extent legally permissible as to those matters listed in Article XIII of the Plan, including all jurisdiction necessary to ensure that the provisions of the Plan are carried out and to adjudicate issues regarding whether and the extent to which the automatic stay arising under Section 362 of the Bankruptcy Code continues.  To the extent that the jurisdiction of this Court over such matters is exclusive jurisdiction, it shall remain so.  Nothing contained in this paragraph shall operate as *res judicata* or collateral estoppel with respect to NYSLRS.

15.     **Term of Stays and Injunctions.** Unless otherwise provided herein, or in the Plan, or in a separate Final Order of the Court, and subject to the limitations of this paragraph, all injunctions and stays arising in the Chapter 9 Case under Bankruptcy Code Section 362 shall remain in full force and effect until the earlier of (a) the termination of such stay pursuant

to Bankruptcy Code Section 362(c)(2)(C), (b) the entry of an order pursuant to Bankruptcy Code Section 362(d) granting relief from such stay, but only to the extent provided in such order or (c) the entry of an order pursuant to any other provision of applicable law granting relief from such stay, but only to the extent provided in such order; provided, however, that NYSLRS reserves the right to assert that the automatic stay does not continue to apply following entry of this Order.  Nothing contained in this Order shall be deemed or construed to be res judicata or collateral estoppel as to NYSLRS's position that the automatic stay does not continue to apply following confirmation of the Plan, and all of NYSLRS's rights in that regard are expressly preserved.  For the avoidance of doubt, nothing set forth in this paragraph, any other provision of the Confirmation Order or the Plan shall affect or limit any rights of NYSLRS arising from or relating to any failure of the Debtor to timely pay in full in accordance with applicable law all postpetition amounts due to NYSLRS from and after the Confirmation Date.

16.    **Exculpation.**    In light of the Court's consideration of the evidence and arguments presented at the Confirmation Hearing and otherwise in support of confirmation of the Plan, as well as the specific findings of the Court set forth herein (see Paragraph Z above), upon the occurrence of the Effective Date, the exculpations set forth in Article XI of the Plan are hereby deemed appropriate and approved.

17.    **Retained Actions Preserved.**    From and after the Effective Date, Debtor shall have the right to prosecute any and all Causes of Action retained under Article XI of the Plan, including without limitation, avoidance, equitable subordination, equitable disallowance, or recovery arising under Bankruptcy Code Sections 105, 502(d), 510, 542 through 551, and 553, that belongs to Debtor as of the Confirmation Date and has not been expressly compromised,

settled, or released pursuant to the Plan or by an order of this Court entered prior to the entry of this Order. Nothing herein shall prevent Debtor from waiving, releasing, or compromising any such Causes of Action.

18.    **Plan Distributions.**  Any Distributions under the Plan will be received and retained free of and from any obligations to hold or transfer the same to any other Creditor, and will not be subject to levy, garnishment, attachment, or other legal process by any Holder by reason of claimed contractual subordination rights, which rights will be waived and this Order constitutes an injunction enjoining any Person from enforcing or attempting to enforce any contractual, legal or equitable subordination rights to Property distributed under the Plan, in each case other than as provided in the Plan.

19.    **Discharge of Claims.**  Solely to the extent provided for in the Plan (except as otherwise limited herein), the rights afforded in the Plan and the Distributions to be made thereunder shall be in exchange for and in complete satisfaction, discharge, and release of all existing debts and Claims, to the extent provided for in the Plan, of any kind, nature, or description whatsoever, including any interest accrued on such Claims after the Petition Date, against or in Debtor or any of its assets or properties, to the fullest extent permitted by Bankruptcy Code Section 944.  Except as provided in the Plan and solely to the extent provided for in the Bankruptcy Code, upon the Effective Date, and provided that Debtor is in compliance with the Plan, Holders of all existing Claims against the Debtor shall be precluded and enjoined from asserting against Debtor or any of its assets or properties, any other or further Claim based on any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Confirmation Date, whether or not such holder has filed a proof of claim or proof of interest or has voted to accept the Plan.

20.    **PERMANENT INJUNCTION.  EXCEPT AS OTHERWISE EXPRESSLY PROVIDED FOR IN THE PLAN OR THE CONFIRMATION ORDER, AND TO THE FULLEST EXTENT AUTHORIZED OR PROVIDED BY THE BANKRUPTCY CODE, UPON THE OCCURRENCE OF THE EFFECTIVE DATE, ALL ENTITIES THAT HAVE HELD, CURRENTLY HOLD, OR MAY HOLD A CLAIM OR OTHER DEBT OR LIABILITY THAT IS IMPAIRED OR TERMINATED PURSUANT TO THE TERMS OF THE PLAN ARE PERMANENTLY ENJOINED FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST THE DEBTOR OR THE PROPERTY OF THE DEBTOR ON ACCOUNT OF ANY SUCH CLAIMS, DEBTS, OR LIABILITIES OR SUCH TERMINATED RIGHTS:  (A) COMMENCING, CONDUCTING, OR CONTINUING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY SUIT, ACTION, OR OTHER PROCEEDING OF ANY KIND; (B) ENFORCING, LEVYING, ATTACHING, COLLECTING, OR OTHERWISE RECOVERING IN ANY MANNER OR BY ANY MEANS, WHETHER DIRECTLY OR INDIRECTLY, ANY JUDGMENT, AWARD, DECREE, OR ORDER; (C) CREATING, PERFECTING, OR ENFORCING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY LIEN OR ENCUMBRANCE OF ANY KIND; (D) ASSERTING ANY SETOFF, OFFSET, RIGHT OF SUBROGATION OR RECOUPMENT OF ANY KIND, DIRECTLY OR INDIRECTLY, AGAINST ANY DEBT, LIABILITY, OR OBLIGATION DUE TO THE DEBTOR; AND (E) PROCEEDING IN ANY MANNER IN ANY PLACE WHATSOEVER, INCLUDING EMPLOYING ANY PROCESS, THAT DOES NOT CONFORM TO OR COMPLY WITH OR IS INCONSISTENT WITH THE PROVISIONS OF THE PLAN;**

PROVIDED, HOWEVER, THAT THIS INJUNCTION WILL NOT APPLY TO (A) ANY CLAIMS CREDITORS MAY ASSERT UNDER THE PLAN TO ENFORCE THEIR RIGHTS THEREUNDER TO THE EXTENT PERMITTED BY THE BANKRUPTCY CODE OR (B) ANY CLAIMS CREDITORS OR OTHER THIRD PARTIES MAY HAVE AGAINST EACH OTHER, WHICH CLAIMS ARE NOT RELATED TO THE DEBTOR, IT BEING UNDERSTOOD, HOWEVER, THAT ANY DEFENSES, OFFSETS, OR COUNTERCLAIMS OF ANY KIND OR NATURE WHATSOEVER WHICH THE DEBTOR MAY HAVE OR ASSERT IN RESPECT OF ANY OF THE CLAIMS OF THE TYPE DESCRIBED IN (A) OR (B) OF THIS PROVISION ARE FULLY PRESERVED; PROVIDED FURTHER, HOWEVER, THAT THE FOREGOING INJUNCTION SHALL NOT OPERATE OR BE CONSTRUED TO OPERATE SO AS TO EXPAND OR INCREASE THE OPERATION OF PARAGRAPH 19 OF THIS ORDER OR THE APPLICABLE PROVISIONS OF THE BANKRUPTCY CODE.

21.    **RELEASED CLAIMS.**  AS OF THE EFFECTIVE DATE, ANY ENTITY THAT HAS HELD, CURRENTLY HOLDS, OR MAY HOLD A CLAIM, DEMAND, DEBT, RIGHT, CAUSE OF ACTION, OR LIABILITY THAT IS RELEASED PURSUANT TO THE PLAN IS PERMANENTLY ENJOINED FROM ENFORCING OR ATTEMPTING TO ENFORCE ANY SUCH CLAIM, DEMAND, DEBT, RIGHT, CAUSE OF ACTION OR LIABILITY AGAINST (I) THE DEBTOR, (II) ANY RELEASEE, OR (III) ANY EXCULPATED PARTY, OR ANY OF ITS PROPERTY, BASED ON, ARISING FROM OR RELATING TO, IN WHOLE OR IN PART, ANY ACT, OMISSION, OR OTHER OCCURRENCE TAKING PLACE ON OR PRIOR TO

**THE EFFECTIVE DATE WITH RESPECT TO OR IN ANY WAY RELATING TO THE CHAPTER 9 CASE, ALL OF WHICH CLAIMS, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, OR LIABILITIES WILL BE DEEMED RELEASED ON AND AS OF THE EFFECTIVE DATE; <u>PROVIDED</u>, <u>HOWEVER</u>, THAT WITH RESPECT TO THE FORMER DIRECTORS, OFFICERS, AND EMPLOYEES OF THE DEBTOR, THIS INJUNCTION WILL APPLY ONLY TO THE ENFORCEMENT OF CLAIMS, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, OR LIABILITIES WITH RESPECT TO WHICH SUCH FORMER DIRECTORS, OFFICERS, AND EMPLOYEES WOULD BE ENTITLED TO INDEMNIFICATION FROM THE DEBTOR UNDER CONTRACT OR LAW; AND, <u>PROVIDED FURTHER</u>, <u>HOWEVER</u>, THAT THIS INJUNCTION WILL NOT APPLY TO (A) ANY CLAIMS CREDITORS MAY ASSERT UNDER THE PLAN TO ENFORCE THEIR RIGHTS THEREUNDER TO THE EXTENT PERMITTED BY THE BANKRUPTCY CODE OR (B) ANY CLAIMS CREDITORS OR OTHER THIRD PARTIES MAY HAVE AGAINST EACH OTHER, WHICH CLAIMS ARE NOT RELATED TO THE DEBTOR, IT BEING UNDERSTOOD, HOWEVER, THAT ANY DEFENSES, OFFSETS OR COUNTERCLAIMS OF ANY KIND OR NATURE WHATSOEVER WHICH THE DEBTOR MAY HAVE OR ASSERT IN RESPECT OF ANY OF THE CLAIMS OF THE TYPE DESCRIBED IN (A) OR (B) OF THIS PROVISION ARE FULLY PRESERVED.**

22.    **<u>Post-Effective Date Fees and Expenses</u>.**    From and after the Effective Date, Debtor shall, in the ordinary course of business and without the necessity for Court approval, pay the reasonable fees and expenses incurred after the Effective Date by professionals retained

by the Debtor, including fees and expenses incurred in connection with the implementation and consummation of the Plan.

23.    **Post-Effective Date Notice Limited.**    From and after the Effective Date, any person seeking relief from this Court in the Chapter 9 case shall be required to provide notice only to the Debtor, the United States Trustee, the Post-Effective Date Committee, their respective counsel, to any person whose rights are directly affected by the relief sought, and to other parties in interest, who, after the entry of this Order, file a request for such notice with the clerk of the Court and serve a copy of such notice on counsel for the Debtors.

24.    **Dissolution of Committee; Formation of Post-Effective Date Committee.** The Committee shall be dissolved as of the Effective Date.  Each member of the Committee and the Committee's professionals shall be discharged from its duties and responsibilities as of the Effective Date.  Those members of the Committee who elect to serve on the Post-Effective Date Committee may within a budget of $50,000 monitor the performance of Debtor between the Effective Date and the one year anniversary of the Effective Date.

25.    **Bar Date for Rejection Damage Claims.**    Any claim for damages arising from rejection of any executory contract or unexpired lease of Debtor under the Plan shall be forever barred and unenforceable against Debtor, its properties, agents, successors, or assigns unless a proof of claim is filed with GCG on or before the later of (a) the date that is thirty (30) days after entry of this Order or (b) the effective date of the rejection of such executory contract or unexpired lease.  Such claims shall be filed with GCG and served on counsel to Debtor in the manner set forth in Article VII of the Plan.

26.    **Bar Date for filing of Administrative Claims.**    All requests for compensation or reimbursement of Administrative Claims not already filed shall be filed with GCG and

served on counsel to Debtor on or before the date that is ninety (90) days after the Notice of Effective Date is mailed.  Such claims shall be filed with GCG and served on counsel to Debtor in the manner set forth in Article VII of the Plan.  Any Administrative Claim not timely filed in accordance with this Order shall be forever barred and unenforceable against Debtor, its properties, agents, successors, or assigns, provided, however, that the provisions of this paragraph shall not apply to the compensation of GCG, any of Debtor's professionals, or any of the Committee's professionals.

27.    **Effect of Reference to the Plan in this Confirmation Order.** The failure to reference or discuss any particular provision of the Plan in this Order shall have no effect on the validity, binding effect, and enforceability of such provision, and each provision of the Plan shall have the same validity, binding effect, and enforceability as if fully set forth in this Order.

28.    **Notice of Effective Date.**  On or before fourteen (14) days after the occurrence of the Effective Date, Debtor or GCG shall mail or cause to be mailed to all Holders of Claims a notice that informs such Holders of: (a) the entry of this Order; (b) the occurrence of the Effective Date; (c) the assumption and rejection of executory contracts and unexpired leases pursuant to the Plan, as well as the deadlines for filing Claims arising from such rejection or assumption; (d) the deadline for the filing of Administrative Claims; and (f) such other matters as Debtor deems appropriate.

29.    **Headings.**  Headings utilized herein are for convenience and reference only, and shall not constitute part of the Plan or this Order for any other purpose.

30.    **Inconsistencies.**  In the event of any inconsistencies between the Plan and the Disclosure Statement, any exhibit to the Plan or the Disclosure Statement, or any other instrument or document created or executed pursuant to the Plan, the Plan shall govern.

31.    **Final Order/No Rule 3020(e) Stay.**  This Order is a Final Order, and the period in which an appeal must be filed shall commence immediately upon the entry hereof in accordance with Federal Rule of Bankruptcy Procedure 3020(e).  Debtor having proffered good and sufficient evidence of financial exigencies facing Debtor and the substantial likelihood of imminent irreparable harm in the event of a delay in the consummation of the Plan, the fourteen (14) day stay set forth in Rule 3020(e) is hereby waived, and the Effective Date may occur, at the option Debtor, immediately following entry of this Order and the satisfaction or waiver by Debtor of all of the conditions set forth in Article X of the Plan.

32.    **Applicable Non-Bankruptcy Law.**    Pursuant to Bankruptcy Code Sections 1123(a), 1142 and 1145, the provisions of this Confirmation Order, the Plan, and any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

AND IT IS SO ORDERED.



**Dated: Brooklyn, New York**
      **October 30, 2014**

_____
      **Carla E. Craig**
   **United States Bankruptcy Judge**