**ECKERT**
**SEAMANS**
ATTORNEYS AT LAW

Eckert Seamans Cherin & Mellott, LLC
10 Bank Street
Suite 700
White Plains, NY 10606

TEL   914 949 2909
FAX   914 949 5424
www.eckertseamans.com

Christopher F. Graham
Direct Dial: 914 286 6443
cgraham@eckertseamans.com

**VIA ECF**

The Honorable Carla E. Craig
Chief Judge, United States Bankruptcy Court
Conrad B. Duberstein Courthouse
271–C Cadman Plaza East, Suite 1595
Brooklyn, New York 11201-1800

      Re*:*   *In re Suffolk Regional Off-Track Betting Corporation*;
           Case No. 12-43503-CEC – Status Report

Dear Chief Judge Craig:

      This firm represents Suffolk Regional Off-Track Betting Corporation ("Suffolk OTB"), the Adjusted Debtor in the above-referenced case. Suffolk OTB updates its November 26, 2019 and February 26, 2020 status reports [Dckt. Nos. 841 and 847] and its March 24, 2020 Interim Status Report [Dckt. No. 850] as follows:

## JAKE'S 58'S OPERATIONS SUSPENDED

      As previously reported to the Court in the March 24, 2020 Interim Status Report, on Saturday, March 14, 2020, the Suffolk County Executive, Steve Bellone, issued a Local Emergency Order No.1 Under § 24 of Article 2-B of the Executive Law suspending Jake's 58 operations.  On March 16, 2020, a related Executive Order from the Governor of New York, Andrew M. Cuomo, closed all Video Lottery Gaming Facilities in New York until further notice (the "Suspension"). Suffolk OTB continues to monitor the situation and is taking necessary steps to deal with this Suspension, including investigating various provisions of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") which may be beneficial.

{V0656367.1}

## JAKE'S 58'S HALTED COMPLIANCE WITH THE CONFIRMED PLAN

Over the last twelve months, Jake's 58 had generated over $3.8 billion in gross revenue. Prior to the Suspension in mid-March, Jake's 58 had been generating more than $320 million in gross revenue per month. Due to the Suspension, March revenue was $143.4 million, and Jake's 58 did not bring in any gaming revenue in April:

| Month | Credits Played |
|---|---|
| Apr-19 | $332,845,596 |
| May-19 | $339,745,013 |
| Jun-19 | $321,253,086 |
| Jul-19 | $339,043,728 |
| Aug-19 | $340,869,008 |
| Sep-19 | $322,901,586 |
| Oct-19 | $332,227,881 |
| Nov-19 | $322,070,636 |
| Dec-19 | $326,091,708 |
| Jan-20 | $335,213,006 |
| Feb-20 | $346,694,634 |
| Mar-20 | $143,354,155 |
| Total | $3,802,310,039 |



**Jake's 58 Hotel & Casino**
3635 Express Drive North
Islandia, NY 11749
www.jakes58.com

| Week-Ending | Credits Played | Free Play Allowance | Credits Won | Net Win | Avg Daily VGM's | Win/VGM per Day |
|---|---|---|---|---|---|---|
| | | | Fiscal Year 2020/2021 | | | |
| 03/28/20 | $0 | $0 | $0 | $0 | 0 | $0 |
| 04/04/20 | $0 | $0 | $0 | $0 | 0 | $0 |
| 04/11/20 | $0 | $0 | $0 | $0 | 0 | $0 |
| 04/18/20 | $0 | $0 | $0 | $0 | 0 | $0 |
| 04/25/20 | $0 | $0 | $0 | $0 | 0 | $0 |
| 05/02/20 | | | | | | |
| 05/09/20 | | | | | | |
| 05/16/20 | | | | | | |
| 05/23/20 | | | | | | |
| 05/30/20 | | | | | | |
| 06/06/20 | | | | | | |

*Source: New York State Gaming Commission* (https://www.gaming.ny.gov/gaming/)

Prior to the Suspension, Jake's 58 had been contributing over $8 million to the New York State Education Fund monthly, and contributed nearly $9 million in February 2020, its last month of full operations. Due to the Suspension, Jake's 58 contributed $3.6 million in March. To date, Suffolk OTB has contributed more than $267 million in VLT Facility revenue to the New York State Education Fund to aid public education in the State.

Prior to the Suspension, Suffolk OTB had continued to make waterfall payments under the Confirmed Plan to Suffolk County. The VLT Facility began operating in the first half of 2017 and as Newsday reported on October 15, 2017, Suffolk County is guaranteed at least $13 million from Suffolk OTB during the first 10 years of the VLT Facility's operation. Having already contributed more than $7.8 million to Suffolk County to date, Suffolk OTB was on pace to meet its $13 million obligation to Suffolk County under the Confirmed Plan. Due to the dramatic decline in incoming revenue as a result of the Jake's 58 Suspension, Suffolk OTB is currently investigating other

revenue sources and cost savings to enable it to complete the remaining payments under the Confirmed Plan, as modified.

## CLASS 4 CLAIMS

Suffolk OTB has paid out over $10 million to Class 4 unsecured creditors via six distributions to date. Suffolk OTB filed its Sixth Notice of Plan Distributions to General Unsecured Creditors on January 31, 2020 [Dckt. No. 846]. Currently, Suffolk OTB has approximately $4.6 million owed to Class 4 unsecured creditors pursuant to the Confirmed Plan.

## REDUCTION OF DEBT TO DELAWARE NORTH

As the Court is aware, at one time during the second quarter of 2017, the balance of loans Delaware North extended to Suffolk OTB was in excess of $55 million. As of May 4, 2020, the balance of outstanding loans to Delaware North is down to $1.9 million. The remaining loan balance is associated with the Construction Loan for the VLT Facility, as Suffolk OTB has already repaid the Medford Loan, the Working Capital Loans, and the Pre-Opening Advance Loan.

## UPDATE ON THE ARTICLE 78 SUIT APPEAL – APPEAL STAYED

As Suffolk OTB reported in its October 9, 2019 Status Letter [Dckt. No. 831], several Suffolk County residents organized themselves as the "Concerned Citizens" and filed an Article 78 proceeding against multiple entities, including the Board of Trustees of the Village of Islandia and Delaware North Properties in the Supreme Court of the State of New York, Suffolk County, with the objective of setting aside the issuance of the August 12, 2016 special permit to Delaware North Properties which permitted the operation of the VLT Facility in a hotel in the Village of Islandia, New York.

Justice William G. Ford entered a "Short Form Order" on September 8, 2017 in the case indexed as No. 08907/2016 (the "First Lawsuit"). That Short Form Order was filed with this Court [Dckt. Nos. 739, 740]. The Short Form Order granted the petition to the extent that it sought relief under New York CPLR Article 78. The remaining claim, which was for declaratory relief, was then converted into a civil plenary action for declaratory judgment. The Short Form Order stayed the New York CLPR Article 78 relief for 90 days. Both the Village of Islandia and Delaware North Properties appealed Justice Ford's decision to the Appellate Division Second Department, thereby staying Justice Ford's order pending appeal. That appeal was perfected in August 2018 but has been stayed by the Appellate Division pending resolution of the Tomasino Adversary Proceeding (defined below). Suffolk OTB submits that the stay of the appeal by the Appellate Division Second Department has no current direct impact on the proceedings in this Court.

## SUMMARY JUDGMENT RULING IN ADVERSARY PROCEEDING AND REFERRAL TO DISTRICT COURT

On December 19, 2018, this Court filed its Proposed Findings of Fact and Conclusions of Law in *Jennifer Tomasino, et al., v. Inc. Vil. of Islandia*, *et al.*, Adv. Pro. 1-18-01033-CEC, 2018 NY Slip Op. 30958[U] (Sup. Ct., Suffolk County 2018) (the "Tomasino Adversary Proceeding" or "Tomasino Adv. Pro.") [Tomasino Adv. Pro. Dckt. No. 1000] recommending that Suffolk OTB's Motion for Summary Judgment be granted. The full procedural history of this Adversary Proceeding was set forth in numerous status reports, most recently in the June 19, 2019 Status Letter [Dckt. No. 820]. Plaintiffs' counsel, Anton J. Borovina and Paul Sabatino, II, filed objections to this Court's Proposed Findings of Fact and Conclusions of Law [Adv. Pro. Dckt. No. 104]. The Defendants, Suffolk OTB included, filed their respective responses to the Plaintiffs'

objections [Adv. Pro. Dckt. Nos. 105–08]. The case was docketed in the United States District Court for the Eastern District of New York on January 23, 2019 under case number 1:19-mc-00189-JFB [Adv. Pro. Dckt. No. 111; Misc. Pro. Dckt. No. 1]. The case was initially assigned to Chief Judge Dora L. Irizarry, but was reassigned Judge Arthur D. Spatt, who recused himself, and the case was then reassigned to Judge Denis R. Hurley. The case was once against reassigned to Judge Joseph F. Bianco. The Plaintiffs requested an oral argument on their objections, and Judge Bianco ordered an oral argument to be held on May 28, 2019 at 1:00 p.m. However, Judge Bianco adjourned that oral argument without a date on May 16, 2019, the day before he was sworn into his new position on the Second Circuit. The case was once again reassigned on June 10, 2019, this time to Judge Joan M. Azrack. There have been no new entries on that docket since June 10, 2019.

### **ADVERSARY PROCEEDING AGAINST DELAWARE NORTH**

As the Court is aware, in October 2019 Suffolk OTB filed a complaint, *Suffolk Regional Off-Track Betting Corporation v. Delaware North Companies, Inc., Delaware North Companies Gaming & Entertainment, Inc., DNC Gaming Management in Suffolk, LLC, and Delaware North Islandia Properties, LLC*, A.P. Case No. 19-01133-CEC (Bankr. E.D.N.Y., filed October 7, 2019) (the "Complaint"), which commenced an adversary proceeding against Delaware North Companies, Inc., Delaware North Companies Gaming & Entertainment, Inc., DNC Gaming Management in Suffolk, LLC, and Delaware North Islandia Properties, LLC (collectively, "Delaware North"), the details of which were summarized in the Supplemental Status Update Letter filed on October 7, 2019 and the Complaint attached to that letter [Dckt. No. 830]. On November 7, 2019, Delaware North filed a Motion to Dismiss and attendant documents seeking

to dismiss certain claims in the Complaint [A.P. Dckt. Nos. 8–10]. Suffolk OTB and Delaware North conducted a Rule 7026(f) conference on November 14, 2019. On November 20, 2019, the parties filed the Joint Rule 7026(f) Discovery Plan [A.P. Dckt. No. 12].

A hearing was held on Delaware North's Motion to Dismiss on January 8, 2020, and the Motion to Dismiss was denied for the reasons stated by the Court on the record at the hearing [A.P. Dckt. No. 25]. Delaware North filed an Answer and Counterclaims on January 27, 2020 [A.P. Dckt. No. 30]. Suffolk OTB filed an Answer to the Counterclaims on February 17, 2020 [A.P. Dckt. No. 34]. Due to the effects of the global pandemic, the parties agreed to temporarily suspend their deposition schedule and discuss the feasibility of remote, electronic discovery proceedings, with the goal of possibly commencing depositions in May 2020.  On April 13, 2020, the parties filed a letter with this Court (the "April 13th Letter") requesting an adjournment of the May 28, 2020 trial date to the Court's first available date in July 2020 or thereafter [A.P. Dckt. No. 39]. A telephonic conference regarding the April 13th Letter was held on May 6, 2020, during which the Court set a new trial date of July 13, 2020.

## **RESOLUTION OF CERTAIN LANDLORD CLAIMS OBJECTIONS**

Suffolk OTB continues its efforts to resolve outstanding disputed claims and hopes to obtain amicable resolutions without needing to involve this Court with motion practice. Suffolk OTB successfully settled the claims of Yonkers Racing Corporation in January of 2019 and has negotiated in good faith with its other major creditors extensively since.

This Court held a hearing on the Second Omnibus Claims Objection Motion [Dckt. No. 809] on August 7, 2019 [Dckt. No. 822]. As previously reported in the October 9, 2019 Status

Letter [Dckt. No. 831], Suffolk OTB successfully reached a settlement with Heartland Associates, LLC regarding Suffolk OTB's objection to a portion of Heartland Associates' Claim No. 62. Suffolk OTB and Heartland Associates executed a settlement agreement on August 29, 2019. This Court entered an order approving Suffolk OTB's settlement with Heartland Associates on October 16, 2019 [Dckt. No. 834].

Suffolk OTB is in active settlement negotiations with Stewart Avenue Associates and hopes to resolve this dispute soon as well. Unfortunately, all the previous settlement discussions, which had seemed to be nearing a final phase, are now moot due to the dramatic change in the financial circumstances caused by the Suspension. As a result, Suffolk OTB respectfully seeks a further adjournment of the hearing on the Second Omnibus Claims Objection to a later date sixty (60) days after the Suspension is terminated.

The Adjusted Debtor will update the Court further at the May 13, 2020 Status Conference. In the interim, should the Court have any questions or require additional information, please do not hesitate to contact the undersigned counsel.

Respectfully submitted,

*/s/ Christopher F. Graham*

Christopher F. Graham

cc:  Nazar Khodorovsky, Esq.
     Andrew B. Eckstein, Esq.
     Lee Woodward, Esq.
     Annette Eaderesto, Esq.
     Edmund Burns, Esq.
     Andrew Gold, Esq.
     Robert Christmas, Esq.
     David G. Hille, Esq.
     Bryce L. Friedman, Esq.

Sarah E. Phillips, Esq.